UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:10CV02351 AGF |
| PELICAN COURT, LLC, et. al., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of Plaintiff Federal Deposit Insurance Corporation for default judgment [Doc. Nos. 22 & 25] against Defendants Richard M. Robinson and Alyson T. Robinson (the "Robinson Defendants") and the Motion of Defendants Alyson T. Robinson and Richard M. Robinson for Leave to File their Answer Out of Time [Doc. No. 30].

On August 26, 2011, the Court ordered Plaintiff to respond Defendants' Motion for Leave to File its Answer Out of Time [Doc. No. 30] and to show cause why the Clerk's Entry of Default as to Defendants Alyson T. Robinson and Richard M. Robinson [Doc. No. 27] should not be set aside. On August 31, 2011, in compliance with the Court's Order, Plaintiff filed its response [Doc. No. 32] asserting that the Robinson Defendants failed to demonstrate "good cause" for setting aside the entry of default, as required by Federal Rule of Civil Procedure 55(c). Specifically, Plaintiff asserts that the Robinson Defendants' purposeful inaction resulted in default; that they have not set forth a

meritorious defense; and that Plaintiff will be prejudiced if the entry of default is set aside.  On September 1, 2011, the Robinson Defendants filed their reply [Doc. No. 33] alleging reliance on Plaintiff's September 10, 2010 email communication stating that Plaintiff would not, at that time, seek an entry of default if the Robinson Defendants produced certain documents in support of its settlement proposal.  Having produced the documents as requested, the Robinson Defendants contend that, absent further notification from Plaintiff, they were entitled to rely on Plaintiff's assurances.

The Court notes that "relief from a mere default entry does not require as strong of a showing as excuse from a default judgment."  *Nat'l. Indep. Truckers Ins. Co. v. Gadway*, No. 8:10CV253, 2011 WL 108704, at *1 (D. Neb. Jan. 12, 2011) (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)).  The Eighth Circuit has "frequently endorsed the strong judicial policy against default judgments" and a "judicial preference for adjudication on the merits. . . ."  *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

On this record, the Court concludes that the Clerk's Entry of Default [Doc. No. 27] should be set aside.  The court file reveals that Plaintiff took no action to move for default until six months after serving the Robinson Defendants and did so only when prompted by the Court's Order of June 22, 2011 [Doc. No. 20].  The Robinson Defendants failed to respond in a timely manner to Plaintiff's complaint, but Plaintiff's lack of diligence in pursuing its claim, coupled with its failure to communicate with the Robinson Defendants, might well have led them to believe that Plaintiff was continuing to consider

their settlement proposal.  Therefore, the Robinson Defendants' inaction was not the sole cause for the entry of default.

In addition, whether the Robinson Defendants can assert a meritorious defense is arguably dependent upon, or derivative of, the liability of  Defendant Pelican Court, LLC ("Pelican"), which has yet to be determined.  Similarly, since the liability of the Robinson Defendants may be derivative of Pelican's liability, the continued participation of the Robinson Defendants in this suit will not result in significant additional effort for, or prejudice to, the Plaintiff.  The Court also finds no just cause to limit the ability of the Robinson Defendants to assert cross-claims or counter-claims, as Plaintiff further requested in its Response.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Default Judgment as to Defendant **Richard M. Robinson** and Defendant **Alyson T. Robinson** [Doc. Nos. 22 & 25] are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion of  Defendants **Alyson T. Robinson** and **Richard M. Robinson** for Leave to File their Answer Out of Time [Doc. No. 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants **Alyson T. Robinson** and **Richard M. Robinson** shall file their Answer not later than **September 12, 2011**.  Failure to

comply with this Order may result in the entry of a default judgment against Defendants **Alyson T. Robinson** and **Richard M. Robinson.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2011.